UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EUGENE R. FIDELL<br>227 Church St., Apt. 6J<br>New Haven, CT 06510,<br><br>    *Plaintiff,*<br><br>v.<br><br>DEPARTMENT OF DEFENSE<br>1000 Defense Pentagon<br>Washington, DC 20310-1000,<br><br>    *Defendant.* | FILED<br>2016 MAR 3 AM 8 59<br>U.S. DISTRICT COURT<br>NEW HAVEN, CT.<br><br>Civil Action No.<br>3:16 cv 359 (AWT)<br><br>March 2, 2016 |

COMPLAINT
(Freedom of Information Act)

Nature of the Action

1. This is an action to require the Department of Defense (DoD) to expedite action on a request for records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and to forbid it to delay its search for and release of responsive documents by placing the request in its "complex processing queue."

Jurisdiction

2. The court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

Parties

3. Plaintiff lives at the address shown in the caption.

4. The Department of Defense is a federal agency. 5 U.S.C. § 552(f)(1).

## Venue

5. Venue is proper in this district. 5 U.S.C. § 552(a)(4)(B).

## Facts

### *The FOIA Request*

6. On February 20, 2016, plaintiff submitted the following electronic FOIA request to defendant:

   All communications between any member, committee or staff member of either House of Congress and the Office of the Secretary of Defense (including but not limited to the Office of Legislative Affairs) from May 31, 2014 to the date of your response that relate in any way to SGT Robert B. (Bowe) Bergdahl, as well as any documents summarizing, memorializing or reflecting oral communications.

   A notarized authorization from SGT Bergdahl is attached.

   Expedited consideration is requested.

### *The Interim Response*

7. On February 24, 2016, defendant's Office of Freedom of Information (OFOI), in an interim response, denied plaintiff's request for expedited consideration and placed his FOIA request in its complex processing queue.

8. The interim response cited three "unusual circumstances":

   (a) The need to search for and collect records from a facility geographically separated from this office; (b) the potential volume of records responsive to [the] request; and (c) the need for consultation with one or more other agencies or DoD components having a substantial interest in either the determination or the subject matter of the records.

9. The three "unusual circumstances" OFOI cited are a rote reference to 32 C.F.R. § 286.23(f)(3). *See also* 5 U.S.C. § 552(a)(6)(B)(iii).

10. Placement of a FOIA request in the complex processing queue means DoD will take substantially more time to act on it.

11. The interim response recited that OFOI's "current administrative workload is 1,624 open requests."

12. The interim response also asserted that

> it is incumbent upon [plaintiff] to demonstrate that the requested records will serve an urgency purpose and that they will also be meaningful in the sense that they will provide a greater understanding of actual or alleged federal government activity on the part of the public-at-large than that which existed before such information was disseminated. Consequently, it must be clearly demonstrated that such information has a particular value that will be lost if not disseminated quickly. . . .

*The Administrative Appeal*

13. On February 24, 2016, plaintiff submitted the following electronic administrative appeal from the interim response:

> I hereby appeal from the initial response (a copy of which is attached) and object to any delay in responding substantively to my entirely straightforward FOIA request.
>
> None of the three reasons the initial response cites for needing more time apply to my very simple and focused FOIA request. There is no basis for relegating it to the "complex processing queue." I reserve the right to sue immediately upon expiration of the period prescribed in the statute.
>
> Expedited consideration is requested on this administrative appeal. The requested records are needed for United States v. Bergdahl, an Army general court-martial in which I am lead defense counsel. That trial is scheduled to commence on August 8, 2016. I have attached my client's authorization, along with a copy of the interim response.

14. On February 25, 2016, defendant's Office of the Deputy Chief Management Officer ruled on plaintiff's administrative appeal in pertinent part as follows:

> I consulted with OFOI to determine the status of your initial request 16-F-0598. To obtain any records which may be responsive to your request, OFOI will task the Executive Services Directorate to conduct electronic and hard copy searches. Upon OFOI receiving any responsive records, multiple components with the Office of the Secretary of Defense and Joint Staff or other federal agencies may be required to review any records containing equities to determine releasability. For these reasons, your request was placed in the complex queue and will be processed in the order the request was received. Please note that the OFOI action office is processing the case with all due diligence.
>
> Because the actions necessary to complete your initial request are yet to be accomplished, I am remanding this request to OFOI for completion. Once OFOI issues their final response, you will receive appeal rights for any possible denials. This action will close your appeal and allow the necessary, remaining processes to take place in response to your initial request.
>
> You have the right to judicial review of this decision in a United States District Court, in accordance with 5 U.S.C. § 552(a)(4)(B).

15. On March 1, 2016, plaintiff submitted the following electronic message to Curtis A. Gibbons, OFOI's "action officer":

> Please provide an estimate of how long it will take for your office to complete action on the above FOIA request, which was remanded to OFOI on February 25, 2016 by James P. Hogan, Chief, DoD FOIA Policy.
>
> Please advise me of the date on which the Executive Services Directorate was directed to conduct electronic and hard copy searches as indicated in Mr. Hogan's February 25, 2016 letter to me, and provide me with a copy of any document that directs those searches to be made.

16. Plaintiff has received no response to that email.

17. The February 25, 2016 decision on plaintiff's administrative appeal does not claim that "unusual circumstances" exist within the meaning of 32 C.F.R. § 286.23(f)(3) based on either the volume of records or the geographical location

5

of the facility at which they may be found.

18. All elements of the Office of the Secretary of Defense (OSD) with a conceivable involvement in the subject matter of plaintiff's request (the immediate office of the Secretary and the offices of the Deputy Secretary, Executive Secretary, General Counsel, Under Secretary for Personnel and Readiness, and Assistant Secretaries for Legislative and Public Affairs) are located in the Pentagon. None are "geographically separated" from it.

19. The Joint Chiefs of Staff (JCS) are not a component of OSD. *See* http://www.defense.gov/About-DoD/Office-of-the-Secretary-of-Defense. The JCS offices are located in the Pentagon.

20. There is no need for any agency other than defendant to review any responsive "records containing equities" – whatever that means – "to determine releasability."

21. Because Congress and its two Houses, their committees, members, and staff are not agencies within the meaning of FOIA, 5 U.S.C. §§ 551(1)(a), 552(f)(1), any consultation defendant may, for political reasons, wish to engage in with those entities and individuals regarding plaintiff's request does not constitute "unusual circumstances."

22. Given the extraordinary level of sustained public interest in Sgt. Bergdahl's case and the clear impropriety of congressional influence over official decision making in individual cases arising under the Uniform Code of Military Justice, the requested records will "serve an urgency purpose" and "be

meaningful in the sense that they will provide a greater understanding of actual or alleged federal government activity on the part of the public-at-large than that which existed before such information was disseminated."

23. Given the scheduled date of Sgt. Bergdahl's trial, the requested records have "a particular value that will be lost if not disseminated quickly."

## Cause of Action

24. The allegations set forth in ¶¶ 1-23 are incorporated herein.

25. Defendant's failure to afford expedited processing to plaintiff's FOIA request is arbitrary and capricious, an abuse of discretion, unsupported by substantial evidence on the whole record, and contrary to law.

26. Defendant's placement of plaintiff's FOIA request in the complex processing queue is arbitrary and capricious, an abuse of discretion, unsupported by substantial evidence on the whole record, and contrary to law.

## Request for Relief

WHEREFORE plaintiff prays that a judgment issue (a) directing defendant to expedite consideration of plaintiff's FOIA request; (b) forbidding it to delay its search for and release of responsive documents by placing the request in the complex processing queue; and (c) granting such other and further relief as may in the circumstances be just and proper.

Respectfully submitted,

*[signature: Dennis Curtis]*

Dennis E. Curtis\*
CT Juris No. 013400
403 St. Ronan St.
New Haven, CT 06511
(203) 772-4910 (tel)
(203) 562-7958 (fax)
dennis.curtis@yale.edu

*Attorney for Plaintiff*

*Serve*:

United States Attorney for the
  District of Connecticut, New Haven, CT (Attn: Civil Process Clerk)
Attorney General of the United States, Washington, DC (certified mail)
Secretary of Defense, Washington, DC (certified mail)

---

\* Plaintiff's counsel will be out of the country (with limited email connectivity) for the next three weeks. Defendant's counsel is hereby authorized to communicate directly with plaintiff during that period. Plaintiff's email address is efidell@ftlf.com.